TORRUELLA, Circuit Judge
(Dissenting).
Both the majority and the district court “recognize the harshness of the result in this case.” Ante at 28. That need not be. I agree with the majority that “[i]t certainly would have been permissible, and perhaps indeed appropriate, for the district court to have considered the fee application notwithstanding its tardiness.” Id. While the decision to accept what I will assume was a late application is committed *29 to the district court’s discretion, I cannot agree with the majority that the district court acted within its discretion in requiring the forfeiture of nearly $180,000 in fees in the name of the “uniform enforcement of the rules.”
The majority recognizes that L.L. Bean was not prejudiced by the late filing. Instead, it rests its holding on “Crowley’s apparent awareness of the strong possibility that the court would interpret the local rule as it did.” Id. Support for that finding comes from the text of Crowley’s Request for Clarification on Filing of Attorneys’ Fee Application. Crowley asked that “the Court’s historical practice of requiring that fee petitions not be filed until after the disposition of all appeals be set forth in an order in this case.” Should the district court determine that this would not be its practice, Crowley asked “[i]n the alternative ... [for] an extension of time to file a fee petition until the disposition of all appeals in this case.”
The district court did not address Crowley’s alternative request for an extension of time, but rather responded that “It is hereby ordered the attorneys’ fees application be filed with this Court within 30 days of the disposition of any appeal.” Replacing “all appeals” in the request with “any appeal” in the answer eliminated, albeit subtly, the possibility that the local rule’s time clock would not start ticking until the second or third or whichever was last in a string of appeals concluded, assuming appeals can be considered discretely.
Nothing in the court’s order, however, clarified when an appeal reaches its final disposition, an expression the majority indicates can vary in meaning. See ante at 27. A party looking to our local rules for guidance, for example, might find relevant this language in Rule 39, Fee Applications: “For purposes of the 30-day limit, a judgment must not be considered final until the time for filing an appeal or a petition for a writ of certiorari has expired .... ” 1st Cir. L.R. 39. In short, I do not find sufficient evidence that Crowley “was on notice that the rule was susceptible to the interpretation she now disputes.” Ante at 28. Because I conclude that Crowley was conscientious in mistakenly adhering to the wrong deadline, I believe the district court not only could have — as the majority recognizes — but should have avoided this unbecoming forfeiture by allowing a late fees petition.
I respectfully dissent.